Núm. 8592.—GERARDINO, aplte. *v.* CITY DELIVERY EXPRESS, INC., aplda.—C. D. Ponce. Daños y perjuicios. Diciembre 17, 1942.

(Por la Corte, a propuesta del Juez Asociado Sr. De Jesús.)

POR CUANTO, la acción en este caso establecida tiene por objeto la reclamación de los daños y perjuicios que alega haber sufrido el demandante apelante al chocar un automóvil de su propiedad con un camión de la demandada mientras transitaban por una carretera insular;

POR CUANTO, la evidencia es claramente contradictoria:

La del demandante tiende a probar que en la noche del 31 de enero de 1940 su indicado automóvil era conducido por un empleado suyo, por su derecha, a moderada velocidad, y que el camión de la demandada, que se hallaba estacionado también a su derecha, súbitamente fué puesto en marcha con el propósito de estacionarlo delante de otro camión que se hallaba en el mismo lado de la carretera, teniendo con tal motivo que desviarse el primero de dichos camiones hacia la izquierda, invadiendo la parte de la misma por donde debía pasar el automóvil del demandante, en los precisos momentos en que éste se hallaba a una distancia de tres o cuatro metros de dicho camión, teniendo lugar así la colisión a pesar de los esfuerzos del conductor del automóvil para evitarla.

La de la demandada, por el contrario, tiende a probar que el camión venía en marcha en dirección opuesta a aquélla de donde procedía el automóvil; que con el fin de estacionarse delante del camión que se hallaba parado en el camino, el camión que chocó con el automóvil del demandante marchaba a una velocidad mínima y que en momentos en que la parte delantera del camión en marcha había ganado la derecha de la carretera donde iba a estacionarse, su parte trasera izquierda fué alcanzada por la parte delantera del automóvil del demandante que marchaba a una velocidad de ochenta a noventa kilómetros por hora, recibiendo el automóvil graves desperfectos y motivando que el diferencial del camión fuera sacado de su sitio; sosteniendo además los testigos de la demandada que en el momento de la colisión había espacio suficiente para pasar el vehículo del demandante si hubiese venido a una velocidad razonable.

POR CUANTO, el conflicto de la prueba fué resuelto a favor de la demandada, declarando que el accidente fué motivado por la negligencia y falta de circunspección del empleado del demandante al

conducir el automóvil a una velocidad exagerada estando la carretera ocupada por otros vehículos de motor y que la causa próxima del accidente no fué la actuación del chófer del camión de la demandada.

POR CUANTO, de las alegaciones y de la prueba resulta que el accidente tuvo lugar el 31 de enero de 1940, es decir, en la época de la zafra de la caña en Puerto Rico y precisamente en un sitio cerca del cual existen centrales azucareras, lo que motiva el aumento del tránsito durante esa temporada y naturalmente exige de los conductores de vehículos de motor un mayor grado de cuidado y circunspección, toda vez que en cualquier momento pueden encontrarse con el tránsito congestionado.

POR CUANTO, el señalamiento de errores sólo imputa a la corte inferior error en la apreciación de la prueba; que actuó movida por pasión, prejuicio y parcialidad, y el haber condenado al demandante al pago de $150 por concepto de honorarios de abogado.

POR CUANTO, la demandada solicitó la desestimación del recurso por frívolo, quedando sometida la cuestión por los alegatos escritos de las partes.

POR CUANTO, del estudio que hemos hecho de las alegaciones, de la transcripción de evidencia y de los alegatos de las partes estamos convencidos de que las conclusiones a que llegó la corte inferior están sostenidas por la evidencia de la demandada, a que dió entero crédito, no existiendo base alguna en los autos tendiente a sostener la imputación de pasión, prejuicio y parcialidad que se hace a la corte sentenciadora;

POR CUANTO, el pronunciamiento de honorarios de abogado descansa en la sana discreción de la corte sentenciadora y en este caso no se ha demostrado que abusara de ella al concederlos y mucho menos al fijarlos en la suma de $150.00.

POR CUANTO, de conocer de este caso en sus méritos no podríamos dictar otra sentencia que no fuera confirmando la apelada;

POR TANTO, procede declarar y por la presente se declara con lugar la moción de la demandada apelada y en su consecuencia se desestima el recurso por frívolo.